IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BILLIE MADISON                          §
                                        §
            Plaintiff,                   §
                                        §
VS.                                     §          NO. 3-09-CV-2194-M
                                        §
DALLAS POLICE DEPARTMENT                §
                                        §
            Defendant.                   §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The findings

and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Billie Madison, a resident of Dallas, Texas,

against the Dallas Police Department and three of its officers.  On November 17, 2009, plaintiff

tendered a one-page handwritten complaint to the district clerk and filed an application to proceed

*in forma pauperis*.  Because the information provided by plaintiff in her pauper's affidavit indicates

that she lacks the funds necessary to prosecute this case,[1] the court granted leave to proceed *in forma*

*pauperis* and allowed the complaint to be filed.  Written interrogatories then were sent to plaintiff

---

[1] The court questions the veracity of the financial information provided by plaintiff in her application to proceed *in forma pauperis* and supporting documents.  According to plaintiff, she earns $10,000 per month as an employee of ABC Television, receives $500 per month in social security payments, and owns real estate in 18 states.  Plaintiff also claims $2,740 in monthly living expenses and unspecified debts requiring monthly payments totaling $8,500.  Taking these allegations at face value, the court concludes that plaintiff should be allowed to proceed *in forma pauperis*.

in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on November 25, 2009. The court now determines that this case should be summarily dismissed.

II.

Plaintiff contends that she was attacked by three Dallas police officers at a DART train station on September 26, 2006. (*See* Plf. Compl. at 1). In her interrogatory answers, plaintiff states that she was given permission by a security guard to use the restroom at the train station. (*See* Mag. J. Interrog. #3). After plaintiff used the restroom and began to fix her hair, she was confronted by a police officer who instructed her to leave the premises. (*Id.*). When plaintiff argued with the officer, he allegedly pulled her to the ground and hit her with a nightstick. (*See* Mag. J. Interrog. #1 & 3). The officer and his partner then either shot or shot at plaintiff before taking her to jail. (*Id.*). Plaintiff does not specify the relief she seeks in this lawsuit. (*See* Mag. J. Interrog. #4).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

## B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas Police Department. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Because plaintiff fails to allege or otherwise demonstrate that the Dallas Police Department is a separate legal entity having jural authority, her claims against this defendant must be dismissed. *See Youl Suh v. Dallas Police Dept.*, No. 3-06-CV-2115-L, 2006 WL 3831235 at *2 (N.D. Tex. Dec. 29, 2006) (recognizing that Dallas Police Department is not a proper defendant with jural existence).

## C.

Nor can plaintiff sue the police officers who allegedly attacked her for civil rights violations under 42 U.S.C. § 1983. The Fifth Circuit has held that a federal civil rights action is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). The

-3-

limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of [her] complaint." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). The incident made the basis of this suit occurred on September 26, 2006. (*See* Plf. Compl. at 1; Mag. J. Interrog. #2). Certainly plaintiff knew or had reason to know of her injuries on the date she allegedly was beaten and shot by the police officers.[2]  Yet plaintiff did not file this lawsuit until November 17, 2009--more than *three years* after the assault occurred. It is clear from the face of the pleadings that this claim is time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

---

[2] When asked for the date she became aware of the actions of defendants, plaintiff responded, "January 2008." (*See* Mag. J. Interrog. #1). However, plaintiff offers no explanation for the 16-month delay in discovering the factual basis of her claims. *See Nichols v. Several Unknown Deputies of the U.S. Marshal's Service*, No. SA-09-CV-0625-XR, 2009 WL 2606207 at *2 (W.D. Tex. Aug. 24, 2009), *rec. adopted*, 2009 WL 3735803 (W.D. Tex. Nov. 4, 2009), *quoting Marburger v. Jackson*, 513 S.W.2d 652, 655 (Tex. Civ. App.--Corpus Christi 1974, writ ref'd n.r.e.) (holding that "[t]he two-year statute of limitations begins to run against an assault . . . from the date the assault . . . occurred.").

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 8, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE